UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RONALD E. GENTRY,                    )
                                                        )
                          Petitioner,        )          Case No. 1:04-cv-476
                                                        )
v.                                                      )          Honorable Robert Holmes Bell
                                                        )
JOHN CASON,                              )
                                                        )          **MEMORANDUM OPINION**
                          Respondent.      )
_____)

Petitioner, who is serving concurrent sentences of 15-to-60 years after being convicted of conspiracy to possess between 225 and 649 grams of cocaine with intent to deliver, MICH. COMP. LAWS § 750.157a, and possession of the same amount of cocaine with intent to deliver, MICH. COMP. LAWS § 333.7401(2)(a)(ii), has filed timely objections to the report and recommendation of the magistrate judge recommending denial of his habeas corpus petition on the merits. As set forth in the *pro se* petition, this habeas corpus action is based upon the following asserted grounds of constitutional error:

(1)    The trial court erred in denying petitioner's motion to quash a search warrant or to grant an evidentiary hearing;

(2)    Petitioner was deprived of the effective assistance of counsel when trial counsel stipulated to admission of certain prejudicial evidence;

(3)    The trial court erred in denying a motion for mistrial based upon allegedly improper expert witness testimony.

(4)     The trial court erred in denying a motion for directed verdict based upon the insufficiency of the evidence;

(5)     Petitioner was denied his right to effective assistance of counsel and counsel failed to call alibi witnesses;

(6)     Petitioner was denied due process of law when the district court bound him over to circuit court on insufficient evidence; and

(7)     The trial court did not thoroughly investigate a conflict of interest.

(Petition, and attachment 1 thereto).  Reviewing the petition, answer, and state-court record under the standards established by the Antiterrorism and Effective Death Penalty Act (AEDPA), the magistrate judge determined that petitioner's claims lack merit and recommended that they be denied.  Petitioner has filed objections (docket # 62), which this court reviews *de novo*.  28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

## Discussion

The report and recommendation (R&R) of the magistrate judge set forth a detailed summary of the trial proceedings and the findings of the state trial and appellate courts.  (R&R, 1-17, docket # 58).  Petitioner has not objected to the proposed findings of fact by the magistrate judge. The court will therefore adopt those proposed findings without further discussion.

Petitioner's first specific objection is that the magistrate judge ignored supplemental evidence presented by petitioner.  This supplemental evidence (attached to docket # 43) consists of a search warrant tabulation, an excerpt from a laboratory report concerning controlled substances, and an evidence report concerning a search at 546 Nevada in Pontiac, Michigan.  Petitioner devotes

-2-

the bulk of his objection to arguing that these documents contradict sworn testimony presented by the prosecution, especially by Officer Wendy Keelty, and that petitioner's conviction was therefore based upon perjured testimony. Petitioner faults the magistrate judge for ignoring this claim and the supplemental evidence upon which it is based. The short answer to petitioner's objection is that a due-process claim based upon the knowing presentation of perjured evidence appears nowhere in the petition. A review of the state-court appellate record likewise demonstrates that petitioner presented no such due-process claim to the appellate courts. It is far too late in the day to attempt to raise this unexhausted due-process claim. This due-process claim is not properly before the court and cannot form a basis for habeas corpus relief.

Petitioner next addresses his claim of insufficiency of the evidence to support his conviction. Petitioner merely asserts that he disagrees with the state Court of Appeals and the magistrate judge, both of whom concluded that the evidence was sufficient under the standard established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because the state Court of Appeals analyzed and rejected this claim on its merits, review of this issue must be conducted under the AEDPA standard, pursuant to which petitioner bears the burden of showing that the state court's decision resulted in an unreasonable application of *Jackson v. Virginia*. *See Riley v. Berghuis*, 481 F.3d 315, 320-21 (6th Cir. 2007). Review in such cases is "limited to determining whether the evidence was so overwhelmingly in favor of the petitioner that it compelled a verdict in his or her favor." *Thompson v. Bock*, 215 F. App'x 431, 436 (6th Cir. 2007). As demonstrated by the summary of evidence presented by the magistrate judge, the evidence was more than sufficient under the *Jackson* standard to support both the conspiracy charge and a charge of possession of cocaine with intent to distribute. The prosecution was based upon the activities of a confidential

informant, who arranged purchases of cocaine from co-defendant Charles E. Williams.  Each time the informant contacted Williams to place the order, Williams went from his home to petitioner's home, after which he delivered the cocaine.  Based upon this and other evidence, police procured a warrant to search petitioner's house, in which they found 628 grams of cocaine locked in a safe, along with other incriminating evidence.  Search of the Williams residence also uncovered evidence of cocaine dealing, including a bag containing cocaine residue and petitioner's fingerprint.  Although petitioner has strenuously asserted that no direct evidence supports a finding that he had the specific intent to deliver cocaine, Michigan law allows this finding to be based on circumstantial evidence, including the quantity of drugs possessed.  *See People v. Konrad*, 536 N.W.2d 517, 521 (Mich. 1995); *People v. Wolfe*, 489 N.W.2d 748, 755 (Mich. 1992); *accord United States v. Salgado*, 250 F.3d 438, 447 (6th Cir. 2001).  Any rational trier of fact could rely on this evidence to support a guilty finding on both counts of conviction.

Petitioner's objections next address his Fourth Amendment claim, which essentially arose under *Franks v. Delaware*, 438 U.S. 154 (1978).  Petitioner's counsel moved to quash the search warrant before trial, on the allegation that it was based upon false statements in the affidavit regarding the confidential informant.  Both the trial court and the state Court of Appeals found the existence of false information, but went on to find that the information was not necessary to the establishment of probable cause.  Upon review of the state court record, the magistrate judge determined that habeas corpus relief based upon an alleged Fourth Amendment violation was barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976).  In his objections, petitioner essentially ignores the *Stone* doctrine, and attempts to represent his Fourth Amendment challenge to the validity of the search warrant on the merits.  The entire point of *Stone v. Powell* is that federal habeas review

-4-

is not available to a state prisoner on Fourth Amendment grounds, as long as the state has given the petitioner a full and fair opportunity to litigate this claim. The record conclusively demonstrates that petitioner's Fourth Amendment claim was given independent consideration by two separate circuit judges, as well as receiving a thorough review in the Court of Appeals. Even if this court were satisfied that the state-court resolution of the Fourth Amendment claim was erroneous, habeas corpus review is precluded under the *Stone* doctrine. *See Gilbert v. Parke*, 763 F.2d 821, 824 (6th Cir. 1985). Upon *de novo* review, this court independently determines that *Stone v. Powell* precludes review of petitioner's Fourth Amendment claims.

Petitioner next addresses his Sixth Amendment claims of constitutional ineffectiveness of trial counsel. Ground 2 asserts that counsel was ineffective for stipulating to certain evidence. Ground 6 faults counsel for failure to call certain witnesses. Again, as the state Court of Appeals directly reviewed these claims of constitutional error, that court's determination is entitled to deference under AEDPA. *See Bell v. Cohn*, 535 U.S. 685, 698-99 (2002). That standard requires petitioner to show that the state Court of Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), to the facts of this case in "an objectively unreasonable manner." *Bell*, 535 U.S. at 699.

Petitioner has not and cannot meet this heavy burden. The state Court of Appeals was obviously correct in concluding that petitioner's stipulation concerning evidence was sound trial strategy. The stipulation saved petitioner from a repetitious, and potentially damaging, presentation of the recordings of the controlled buys made by police through a confidential informant. Likewise, the finding of the state appellate court that petitioner had not been deprived of any substantial defense by counsel's failure to call certain witnesses easily withstands AEDPA review.

Petitioner's next two claims, arising from the allegedly improper testimony of a police officer and the insufficiency of the evidence at his preliminary examination, require little discussion. Claims based upon evidentiary rulings of state trial judges rarely justify habeas corpus relief. The admission of evidence is essentially a state-law issue and does not raise a federal constitutional question, absent a showing that the asserted error infringed a specific constitutional guarantee. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The opinion testimony of a police officer concerning the question whether petitioner's house was being used as a "safe house" for drugs was governed by the state evidence rules, not constitutional principles. Petitioner has not shown that the admission of this evidence abridged a specific constitutional guarantee or was so prejudicial that it deprived him of a fair trial. His challenge to the sufficiency of the evidence to bind him over for trial fails to state a claim for habeas corpus relief. Contrary to petitioner's assertions, an error made in binding over a state defendant for trial is not jurisdictional in the constitutional sense, as a preliminary examination is not a constitutional prerequisite to prosecution. Petitioner's argument, therefore, is frivolous.

Finally, petitioner's objections do not mention his claim that the trial judge erred by not inquiring into a potential conflict of interest arising from his counsel's representation of the co-defendant on an unrelated charge. Petitioner's failure to object constitutes an abandonment of this claim. *See McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Furthermore, the state Court of Appeals found as a fact that the potential conflict was disclosed on the record and that petitioner expressly waived any conflict of interest. (Op., 3). This finding is clearly supported by the record. (*See* Trial Transcript,

vol. I, at 16).  In these circumstances, petitioner cannot show that the potential conflict adversely

affected counsel's performance, as required by *Mickens v. Taylor*, 535 U.S. 162, 172-74 (2002).

       Having reviewed petitioner's objections *de novo*, the court concludes that he has

failed to establish grounds for habeas corpus relief.  The petition will therefore be denied on its

merits.

Date:_____June 27, 2007_____       /s/ Robert Holmes Bell_____
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE